IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| HAILEY DOLLAR | * |
| And | * |
| FANNIE RECKARD | *    Case No.: 3:20-cv-351-JAG |
| And | *    **First Amended** |
| SARAH ERICKSON | *    **Collective Action** |
| c/o Zipin Amster & Greenberg, LLC | *    **Complaint** |
| 8757 Georgia Avenue, Suite 400 | * |
| Silver Spring, Maryland 20910 | * |
| *On Behalf of Themselves and all Others Similarly Situated,* | * |
| *Plaintiffs,* | * |
| v. | * |
| IMAGINARY IMAGES, INC. d/b/a PAPER MOON | * |
| And | * |
| WILLIAM PYLIARIS | * |
| *Defendants.* | * |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

COMES NOW, Hailey Dollar, Fannie Reckard, and Sarah Erickson ("Named Plaintiffs"), on behalf of themselves and all other similarly situated opt-in Plaintiffs (collectively "Plaintiffs"), by and through undersigned counsel, hereby submit this First Amended Collective Action Complaint against Defendants Imaginary Images, Inc. d/b/a Paper Moon and William Pyliaris, individually (together, "Defendants") and allege as follows:

**PRELIMINARY STATEMENT**

1. This action is brought individually and as a collective action seeking unpaid minimum wages, unpaid overtime compensation, back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. During the period relevant to this action, Defendants perpetrated a systemic company-wide policy, pattern, or practice of misclassifying exotic dancer employees as "independent contractors" and, arising therefrom, failing to pay misclassified exotic dancer employees any wages for hours worked.

3. Defendants' pay practices and policies were in direct violation of the FLSA. Accordingly, Plaintiffs seek unpaid straight and overtime compensation, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

4. As a result of this policy, pattern, or practice of misclassification, Defendants are legally responsible and now liable for failing to pay Plaintiffs under the Federal Fair Labor Standards Act ("FLSA").

5. Named Plaintiffs brings this action as a collective action against Defendants seeking back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

7. The Richmond Division of the United States District Court for the Eastern District of Virginia has personal jurisdiction because Defendants conducted business in the City of Richmond, Virginia, which is located within this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants conducted business within the Eastern District of Virginia, and the substantial part of the events or omissions giving rise to these claims occurred in this District.

9. All the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## PARTIES

10. Named Plaintiff Halley Dollar is an adult resident of Henrico County, Virginia.

11. Named Plaintiff Fannie Reckard is an adult resident of Richmond, Virginia.

12. Named Plaintiff Sarah Erickson is an adult resident of Richmond, Virginia.

13. By acting as the Named Plaintiffs in this action, each of the Named Plaintiffs hereby provides the Court with a written affirmation of her consent to participate as a plaintiff in this FLSA collective action.

14. Named Plaintiffs were each employed by Defendants as an exotic dancer at Defendants' Paper Moon strip club located in Richmond, Virginia.

15. The FLSA collective action Opt-In and Putative Plaintiffs consist of individuals who did work or have worked for Defendants at the Paper Moon Richmond who were classified as independent contractors, and who were suffered or permitted to work by Defendants, at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b).

16. Imaginary Images, Inc. is a corporation formed in Virginia and operates as a strip club featuring female exotic dancers.

17. For the entire period relevant to this action, Imaginary Images, Inc. has operated as the Paper Moon strip club located at 3300 Norfolk Street Richmond, Virginia 23230.

18. For the entire period relevant to this action, Plaintiffs were employed by Defendants as exotic dancers working at Defendants' Paper Moon strip club located at 3300 Norfolk Street Richmond, Virginia 23230.

19. William Pyliaris is an adult resident of the Commonwealth of Virginia.

20. At all times relevant to this action, William Pyliaris was the primary owner and managing officer of Imaginary Images, Inc., an entity operating substantially and continuously in Richmond, Virginia.

21. In William Pyliaris' capacity as primary owner and managing officer of Imaginary Images, Inc., William Pyliaris, individually and with the assistance of his subordinate managers and officers, supervised, managed, and dictated the day-to-day operation of the Paper Moon strip club.

22. At all times relevant to this action, William Pyliaris, individually, had authority to hire, fire, and administer employment related discipline on employees of the Paper Moon strip club, including Plaintiffs.

23. At all times relevant to this action, William Pyliaris had the authority to set and alter work schedules and work hours of employees of the Paper Moon strip club, including Plaintiffs.

24. At all times relevant to this action, William Pyliaris, individually, and was in charge of keeping and/or delegating the Paper Moon strip club's maintenance of all employment records for all employees of the club, including Plaintiffs.

## COVERAGE

25. At all times material to this action, Defendants acted, directly or indirectly, in the

interest of an employer or joint employer with respect to Plaintiffs.

26. At all times material to this action, both Defendants were Plaintiffs' employers within the defined scope of the FLSA, 29 U.S.C. § 203(d).

27. At all times material to this action, Plaintiffs were individual employees of each of the Defendants within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

28. At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

29. At all relevant times, Defendants operated a strip club in Richmond, Virginia, featuring female exotic dancers.

30. At all relevant times, Plaintiffs were employed by Defendants as exotic dancers at Defendants' Paper Moon strip club in Richmond, Virginia.

31. During the period of Plaintiffs' employment, the number of shifts Plaintiffs worked varied from week to week.

32. During the period of Plaintiffs' employment, the exact number of hours Plaintiffs worked varied from week to week.

33. Named Plaintiff Hailey Dollar was employed by Defendants as an exotic dancer at Defendants' Paper Moon strip club for the period of about 2016 through about September 2018.

34. Named Plaintiff Fannie Reckard was employed by Defendants as an exotic dancer

at Defendants' Paper Moon strip club for the period of about 2016 through about November 2018.

35. Named Plaintiff Sarah Erickson was employed by Defendants as an exotic dancer at Defendants' Paper Moon strip club for the period of about 2016 through about April 2019.

36. During the period of Named Plaintiffs' employment, the exact number of hours Named Plaintiffs worked varied from week to week.

37. During the period of Named Plaintiffs' employment, Named Plaintiffs customarily worked about 4-6 shifts per week for a total of about 25-35 hours per week.

38. During the period of Named Plaintiffs' employment, on average, Named Plaintiffs worked about 5 shifts per week and a total of about 30 hours per week.

39. Defendants have possession, custody, and control of time and/or sign in records and "house fee" payment records for Plaintiffs.

40. Agents on behalf of Defendants had actual knowledge of all hours Plaintiffs worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiffs' work duties.

41. At no time during Plaintiffs' period of employment did Defendants ever pay Plaintiffs any wages for hours that Plaintiffs worked each week.

42. Defendants totally failed to pay wages or any kind of compensation to Plaintiffs for work duties performed.

## MISCLASSIFICATION AS INDEPENDENT CONTRACTORS

43. Defendants misclassified Plaintiffs as independent contractors when Plaintiffs should have been classified under the FLSA as employees.

44. Defendants controlled all aspects of the job duties Plaintiffs performed inside the

club through employment rules and workplace policies.

45.     Defendants controlled the method by which Plaintiffs could earn money at the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

46.     Defendants required Plaintiffs to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

47.     Defendants hired Plaintiffs and had the ability to discipline, fine, fire, and adjust Plaintiffs' work schedules.

48.     Defendants, through supervisors and managers, supervised the duties of Plaintiffs to make sure Plaintiffs' job performance was of sufficient quality.

49.     Defendants conducted initial interviews and vetting procedures for Plaintiffs, and, at Defendants' sole discretion, Defendants' management and/or ownership could deny Plaintiffs access or ability to dance and/or work at the club.

50.     Defendants had the right to suspend or send Plaintiffs home and away from the club if Plaintiffs or any other violated rules or policies or if the club's ownership or management, at its discretion, did not want Plaintiffs to work at the club.

51.     Plaintiffs were not required to have or possess any requisite certification, education, or specialized training as a condition of employment with Defendants.

52.     In addition to failing to pay Plaintiffs wages for hours worked, Defendants required Plaintiffs to pay the club or its ownership or management a house fee or kickback that ranged from $15.00-$30.00 or more for each shift Plaintiffs worked.

53.     Without justification, Defendants regularly and customarily kept and/or assigned to management tips and gratuities Plaintiffs received from customers.

54. At all times relevant to this action, Defendants and club ownership and management had actual knowledge that Plaintiffs at Defendants' Paper Moon were employees and not independent contractors and were owed minimum wage compensation under the FLSA.

55. At all times relevant to this action, Defendants, including management and ownership, had actual knowledge the club misclassified Plaintiffs as independent contractors, failed to pay them wages as required under the FLSA, unlawfully withheld or assigned tips Plaintiffs received from customers, and unlawfully charged Plaintiffs kickbacks, fines, and surcharges during their employment period.

56. Defendants have willfully violated the statutory rights of Plaintiffs under the FLSA, resulting in damages to Plaintiffs in the form of unpaid straight-time wages and unpaid overtime wages, in addition to liquidated damages, attorneys' fees and costs, prejudgment interest, and other damages permitted by applicable law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

57. Named Plaintiffs brings Count One of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated employees.

58. Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who have worked for Defendants at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who signed an agreement to provide exotic dancing services to Defendants, and performed such services, pursuant to that agreement, as independent contractors, and who have not been paid minimum wage and overtime compensation.

59. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

60. Named Plaintiffs requests that she be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a

collective action pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 203(m), 206**
**(Unlawful Tip Deductions and Failure to Pay Minimum Wage)**
**(On Behalf of Named Plaintiffs and Opt-In Putative Plaintiffs)**

61. Named Plaintiffs incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

62. Pursuant to the FLSA, 29 U.S.C. § 206, employers must pay non-exempt employees a minimum wage of $7.25 per hour for all hours worked.

63. The FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, provides an exception to the aforementioned minimum wage rate of $7.25 per hour, allowing certain employers to take a "tip credit," and count tips received by eligible employees toward the employer's minimum wage obligations, with a maximum credit claimed for each employee of $5.12 per hour.

64. In order to lawfully utilize the tip credit allowance, the FLSA, 29 U.S.C. § 203(m), requires in part that "all tips received by [each] employee [be] retained by the employee."

65. The FLSA prohibits a taking or assignment by Defendants or its management or non-customarily tipped employees of tips or gratuities received by tipped employees from customers.

66. As set forth above, Defendants failed to pay Named Plaintiffs and other similarly situated individuals minimum wage compensation as required by the FLSA.

67. As set forth above, Defendants unlawfully kept and/or assigned tips and gratuities Plaintiffs and other similarly situated individuals received from customers.

68. Without the benefits of the tip credit provision, Defendants must pay Plaintiffs a

free and clear hourly rate the statutory minimum wage of $7.25 per hour for all hours worked, without any credit for the tips received by Plaintiffs.

69. As set forth above, Defendants willfully failed to pay Plaintiffs the statutory minimum wage rate by misclassifying them as independent contractors.

70. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid minimum wages for up to three (3) years, rather than two (2) years.

71. Similarly, for the reasons stated above, Defendants cannot affirmatively defend its failure to pay the appropriate minimum wage rate as having been done in good faith, entitling Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b).

72. As such, Plaintiffs seek to recover from Defendants the following damages:

  a. Minimum wages due;

  b. Liquidated damages in an equal amount;

  c. Reasonable attorneys' fees and costs; and

  d. All other legal and equitable relief as the Court deems just and proper.

## **RELIEF SOUGHT**

WHEREFORE, Named Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Named Plaintiffs as a representative of all those similarly situated under the FLSA collective action;

2. Award Named Plaintiffs and all those similarly situated actual damages for all free and

clear unpaid minimum wage compensation and misappropriated or assigned wages and/or gratuities found due to Named Plaintiffs and those similarly situated, and liquidated damages equal in amount, pursuant to the FLSA, 29 U.S.C. § 216(b);

3. Award Named Plaintiffs and all those similarly situated pre- and post-judgment interest at the statutory rate, pursuant to the FLSA, 29 U.S.C. § 216(b);

4. Award Named Plaintiffs and all those similarly situated attorneys' fees, costs, and disbursements pursuant to the FLSA, 29 U.S.C. § 216(b); and

5. Award Named Plaintiffs and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

Respectfully submitted this, May 21, 2020.

/s/ Gregg C. Greenberg
Gregg C. Greenberg, Virginia Bar No. 79610
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Attorneys for Named Plaintiffs
and the Collective*